UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PABLO JUAN GRAZIANI,

        Plaintiff,

v.                                                       Case No: 6:17-cv-1889-Orl-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

# MEMORANDUM OF DECISION

Pablo Juan Granziani (Claimant) appeals the Commissioner of Social Security's final decision denying his applications for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 17 at 9-11, 15-17, 19. The Commissioner argues that the ALJ committed no legal error and that his decision is supported by substantial evidence and should be affirmed. *Id*. at 11-15, 17-19. Upon review, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** for further proceedings.

## I.    Procedural History

This case stems from Claimant's applications for disability insurance benefits and supplemental security income. R. 235-47. Claimant alleged a disability onset date of February 1, 2014. R. 248. Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ. On January 11, 2017, the ALJ entered a decision denying

Claimant's applications for disability benefits. R. 17-29. Claimant requested review of the ALJ's decision, and the Appeals Council denied his request for review. R. 1-3. This appeal followed.

## II. The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: generalized anxiety disorder; depressive disorder; autism spectrum disorder; and mathematics disorder. R. 19. In addition, the ALJ found that Claimant suffered from a non-severe impartment of cannabis dependence. R. 20. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 20-22.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following limitations:

> [T]he claimant is limited to performing simple, routine, and repetitive tasks, but not at a production rate pace (e.g. assembly line work). He is limited to simple work-related decisions. He is limited to occasional interaction with coworkers, supervisors, and the general public.

R. 22. In light of this RFC, the ALJ found that Claimant is able to perform his past relevant work as an automobile detailer and industrial cleaner. R. 27-28. In addition, the ALJ found that Claimant is able to perform other work in the national economy, including floor waxer, meat trimmer, and housekeeper. R. 28. Thus, the ALJ concluded that Claimant was not disabled between his alleged onset date, February 1, 2014, through the date of the ALJ's decision, January 11, 2017. R. 29.

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence,

42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV. **Analysis**

Claimant raises the following assignments of error: 1) the ALJ failed weigh Dr. John Beltran's opinion; and 2) the ALJ erred by not including or accounting for all aspects of Dr. Anita Rothard's opinion. Doc. 17 at 9-11, 15-17. The Court will begin by addressing the second assignment of error because it is dispositive of this appeal.

**A. Dr. Rothard's Opinion**

Claimant notes that the ALJ assigned Dr. Rothard's opinion "greater weight" but did not account for all her opinions in the RFC determination. Doc. 17 at 15-16. Specifically, Claimant notes that the ALJ did not account for Dr. Rothard's opinion that Claimant would need to "work in a supported environment on a part-time basis to begin." *Id*. Thus, Claimant argues that the ALJ erred by not accounting for all of Dr. Rothard's opinions in the RFC determination despite having assigned her opinion "greater weight." *Id*. at 16-17.

The Commissioner claims that Dr. Rothard's opinion that Claimant would need to begin working part-time before he could transition to full-time work was merely a "suggestion . . . made

in response to [Claimant's] lack of motivation to work." *Id*. at 17. Further, the Commissioner notes that Dr. Rothard opined that Claimant can perform "unskilled, repetitive tasks and Entry Level [work]." *Id*. at 18. Thus, the Commissioner argues that when Dr. Rothard's "opinions are read in context with her evaluation as a whole, it is clear she believed [Claimant] was capable of performing entry-level work." *Id*.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c).

Dr. Rothard is a vocational evaluator and, thus, is a non-medical source. SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006). "Although the ALJ should consider evidence from non-medical sources, the ALJ is not required to assign the evidence any particular weight." *Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784-85 (11th Cir. 2017); *see* 20 C.F.R. §§ 404.1527(f), 416.927(f). "Instead, whether and how much weight the ALJ should give this kind of evidence depends upon the particular facts of the case and a variety of factors, including whether the opinion is consistent with other evidence in the record." *Farnsworth*, 636 F. App'x at 785; *see* 20 C.F.R. §§ 404.1527(f), 416.927(f).

On February 5, 2016, Dr. Rothard conducted a comprehensive vocational evaluation of Claimant. R. 401-12.[1] In her report, Dr. Rothard opined:

> [Claimant] has no physical impairments that would limit him from performing simple, repetitive tasks. He has some academic deficits and is slow to process information. He needs time to process the information given and therefore should be given extra time to formulate a response. He has difficulty concentrating,

---

[1] Dr. Rothard was assisted by Rosa Perez, a vocational specialist. R. 412.

staying on task, and with expressive communication. He has difficulty making change and has limited learning of complex tasks. He also has difficulty relating appropriately to coworkers and/or supervisors.

R. 409. In addition, Dr. Rothard opined:

> It is feasible for [Claimant] to work in a supported environment on a part-time basis to begin. Gradually, he can transition into full-time employment as he continues to ma[s]ter his skills and his responses to situational stresses. He would be best suited to work in a structured, repetitive work environment.

R. 411. Finally, Dr. Rothard opined that Claimant "is able to do unskilled, repetitive tasks and Entry Level [work]." *Id*.

The ALJ did not expressly articulate the weight he assigned to Dr. Rothard's opinion. Instead, the ALJ weighed Dr. Rothard's opinion against that of a psychologist, Dr. Beltran, who conducted a psychological evaluation of Claimant. R. 25. Specifically, the ALJ stated:

> John Beltran, Psy.D., opined in September 2015 that the claimant's psychological difficulties may compromise consistent performance of appropriate work behaviors. (Exhibit 9F). Greater weight is given to the conclusions [in Dr. Rothard's report] based upon the medical evidence related to the current period at issue.

*Id*.

To begin, it is not entirely clear whether the ALJ gave Dr. Rothard's opinion great weight or just more weight than Dr. Beltran's decision.[2] If the ALJ gave anything less than great or significant weight to Dr. Rothard's opinion, then the ALJ should have explained why he did so. *See* 20 C.F.R. §§ 404.1527(f), 416.927(f) ("The adjudicator generally should explain the weight given to opinions from these [non-medical] sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the

---

[2] This lack of clarity is further exacerbated by the presence of other opinions, which the ALJ assigned varying degrees of weight without any comparison to Dr. Rothard's opinion. R. 25-26. If Drs. Beltran's and Rothard's opinions were the only opinions that the ALJ weighed, it would likely be safer to assume that the ALJ assigned Dr. Rothard's opinion great weight.

adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").[3] The ALJ, however, provided no such explanation. Thus, to the extent the ALJ assigned anything less than great or significant weight to Dr. Rothard's opinion, the ALJ erred by not explaining why he did so. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.").

Even assuming the ALJ assigned great weight to Dr. Rothard's opinion, the Court nevertheless finds that the ALJ erred by neither accounting for Dr. Rothard's opinion that Claimant would need "work in a supported environment on a part-time basis to begin," nor providing a reasoned explanation why the ALJ chose not to account for that limitation in his RFC determination. In so finding, the Court is unpersuaded by the Commissioner's argument that Dr. Rothard merely "suggested" that Claimant would need to begin working on a part-time basis. There is nothing in Dr. Rothard's opinion that supports this interpretation. To the contrary, a plain reading of Dr. Rothard's opinion reveals that, at the time of the evaluation, she believed Claimant was not capable of full-time work. Thus, still assuming the ALJ gave Dr. Rothard's opinion great weight, the ALJ should have either accounted for that opinion in the RFC determination or provided a reasoned explanation why he chose not to account for that limitation in his RFC determination. *See* 20 C.F.R. §§ 404.1527(f), 416.927(f); *see also Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical

---

[3] It is clear that Dr. Rothard's opinion influenced the outcome of the case given the ALJ's decision to give it "greater weight" then Dr. Beltran's opinion.

opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)). The ALJ did neither. Thus, the Court is unable to conduct a meaningful review of the ALJ's decision to not account for Dr. Rothard's opinion in the RFC determination. *See Oliver v. Colvin*, Case No. 8:13-cv-2614-TBM, 2015 WL 10791904, at *5-6 (M.D. Fla. Mar. 23, 2015) (finding that the ALJ erred by assigning significant weight to the opinions of two physicians and a vocational rehabilitation expert but not accounting for their opinions that Claimant is limited to part-time work or providing a reasoned explanation why that opinion was not accounted for in the RFC determination). Therefore, the Court finds that the ALJ's RFC determination, and consequently his decision, is not supported by substantial evidence, and the case must be reversed and remanded for further proceedings.

**B. Dr. Beltran's Opinion**

Claimant argues that the ALJ erred by not stating the weight he assigned to Dr. Beltran's opinion. Doc. 17 at 11. The Commissioner tacitly concedes that the ALJ did not state the weight he assigned to Dr. Beltran's decision but, nevertheless, argues that the ALJ implicitly assigned Dr. Beltran's opinion limited weight. *Id*. at 12-13. Thus, there is no dispute that the ALJ failed to state the weight he assigned to Dr. Beltran's decision. Therefore, the ALJ erred. *Winschel*, 631 F.3d at 1179. The Court declines to consider whether the ALJ implicitly weighed Dr. Beltran's decision because the ALJ must reassess the entire record on remand, at which time the ALJ can expressly state the weight he assigned to Dr. Beltran's opinion. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V. Conclusion

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Eric S. Fulcher
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801